Prince *v.* Down.

---

ROBERT PRINCE *v.* SAMUEL DOWN.

The wife of the assignor of a claim is a competent witness for the assignee.
Where a claim was for patterns, made and delivered for a fixed sum, pursuant to agreement; *held,* that a complaint for work, labor and materials, rather than for goods sold and delivered, was in the proper form.

THE plaintiff being the assignee of a claim for the construction and delivery, pursuant to contract, of patterns for a gas meter, commenced this action in the Marine Court. The complaint was for work, labor and materials; and the plaintiff's case was sustained, in part, by testimony of the

wife of the assignor. The defendant suffered judgment, and appealed to this court.

*William McDermot,* for the defendant.

*Frederick W. Burke,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—There was no necessity of notice of examining the assignor. He was not examined against the assignee or an executor or administrator. We have repeatedly decided this point heretofore.

Nor could the objection be taken to the wife. The rule which excluded the wife from being a witness only applied to cases in which the husband was a party. There is nothing in the Code to extend the exemption; but on the contrary, it has been thought, by some judges, to require the examination of the wife, even when the husband is a party. In this case she was properly admitted.

The other questions, made on the part of the appellant, relate to the facts, and not to the law of the case. The evidence was conflicting; and even if the testimony on the part of the defendant may have been sufficient, if uncontradicted, to show a full performance, still the finding of the court below cannot be disturbed by us on appeal. There was enough in the evidence of the assignor to show that he completed the patterns and delivered them to the defendant, and the acceptance of them, and a promise to pay the balance, after making the cash payment. The fact of his paying the $20, to make up the $150, a month after receiving the patterns, may be considered as waiving any objection to the non-completion of the work.

It is said that the complaint was for work, labor and materials, while it should have been for goods sold and delivered. But it is apparent, from the testimony, that the plaintiff agreed to make and deliver the patterns for a specified sum. He might have recovered, perhaps, for them as goods sold and delivered, but with no more propriety than under

the present complaint. The tailor who takes a measure for a coat, furnishes the material and delivers it for a fixed sum, has a claim for work, labor and materials furnished; and it has been decided that such is the proper form of declaring in such a case. There is no distinction between that case and the present one in principle. The plaintiff undertook to do work and furnish materials necessary, when he undertook to make and deliver the patterns. The compensation being fixed at a gross sum, did not alter the claim.

I see no error in the trial below of which the defendant can avail himself on appeal.

Judgment affirmed.